**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DAVID HOJNOWSKI,

                                                                            **COMPLAINT**

                                        Plaintiff,

v.                                                                          Civil No. _____

BUFFALO BILLS, INC.,

                                        Defendant.
_____

        Plaintiff, by his attorneys CHIACCHIA & FLEMING, LLP, for his Complaint against the

Defendant, states as follows:


# BACKGROUND

        1.      This is an action for employment discrimination on the basis of age, brought under

the Age Discrimination in Employment Act (ADEA), 29 U.S.C.§ 621 *et seq.* and New York State

Human Rights Law § 296 *et seq,* and interference with protected employment retirement rights,

brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, *et seq.*

        2.      The jurisdiction of the Court over this controversy is invoked pursuant to 28

U.S.C. §§ 1331, 1332, 1343, and 1367.

        3.      The unlawful employment practices alleged herein were committed in the Western

District of New York.

## PARTIES

4.      The Plaintiff, DAVID HOJNOWSKI, ("Hojnowski") is an individual, fifty-four

(54) years of age, and residing in the City of North Tonawanda, New York.

5.      The Defendant, BUFFALO BILLS, INC., ("Bills"), upon information and belief,

was and continues to be a New York corporation that is registered and authorized to do business

in the State of New York, with a site of business located in the Western District of New York.

## NATURE OF CLAIM

6.      This claim seeks restitution to Plaintiff of all employment and post-employment

rights, privileges, benefits, promotions, and income that Plaintiff would have had but for

Defendant's discriminatory practices.

7.      This action further seeks compensatory and punitive damages for the harm done to

Plaintiff.

## ADMINISTRATIVE PROCEEDINGS

8.      Plaintiff filed charges of employment discrimination with the U.S. Equal

Employment Opportunity Commission (EEOC) on or about December 19, 2012. As a part of

filing with EEOC, a complaint was contemporaneously cross-filed with the New York State

Division of Human Rights ("DHR") on or about December 19, 2012.

9.      At least sixty (60) days have passed since Plaintiff filed the charge alleging

unlawful discrimination with the EEOC pursuant to 29 U.S.C.A. § 626.

## STATEMENT OF CLAIM

10.     Hojnowski began working for the Bills in 1975 and became a full-time employee with them in 1977.

11.     From 1977 through around 1982, Hojnowski's title was Assistant Equipment Manager. In 1982 he was promoted to Equipment Manager. Throughout the duration of his employment with the Bills, Hojnowski routinely received positive feedback about his job performance. He also received raises and bonuses, with the most recent bonus and raise paid in March 2012. During his many years of employment with the Bills, Hojnowski performed the duties and responsibilities of his positions in a competent, professional and qualified manner.

12.     In 2003, the Bills hired Jeffrey Mazurek to be an Assistant Equipment Manager. At the time the Bills hired Mr. Mazurek, he was approximately twenty-two (22) years old. Mr. Mazurek is more than twenty (20) years Hojnowski's junior and was, upon information and belief, approximately thirty-one (31) years of age as of the date Hojnowski was terminated.

13.     Hojnowski trained Mr. Mazurek. He showed him how the organization managed the equipment, taught him the proper procedures and protocols for doing things and "showed him the ropes."

14.     The Bills made Hojnowski and Mr. Mazurek Co-Equipment Managers in or around 2008.

15.     Hojnowski was routinely called "Old Balls" by Mr. Mazurek and by Spencer Haws, an Assistant Equipment Manager who, upon information and belief, is at least twenty years younger than Hojnowski. They routinely referred to themselves as the "Young Guns," referring to both Hojnowski and colleague, Randy Ribbeck, an Assistant Equipment Manager who is over

fifty years old, as the "Old Balls Crew." These statements would occur from time-to-time in front of other employees.

16.     The Bills treated Mr. Mazurek differently and more favorably than Hojnowski. For example, when the Bills issued Mr. Mazurek and Hojnowski new cell phones, Mr. Mazurek was given a Blackberry, while Hojnowski was given a standard phone. When Hojnowski inquired regarding why he was given a different phone than Mr. Mazurek, Jim Overdorf, the Bills' Senior Vice President of Football Administration, told Hojnowski that he "didn't need one," and inferred that Hojnowski wouldn't know how to use a Blackberry because of how old he was.

17.     After Hojnowski returned from his second knee replacement surgery, Chan Gailey, the Bills' Head Coach, commented to Hojnowski that "that's what happens to old guys, they are more likely to get hurt." Mr. Gailey didn't make comments like this to Mr. Mazurek or any of the younger employees.

18.     Despite having nearly thirty (30) more years of experience in managing equipment in the National Football League than Mr. Mazurek and despite having a much longer tenure with the Bills than him, in (approximately) late 2010 the Bills promoted Mr. Mazurek to the position of Director of Equipment Operations over Hojnowski. The Bills promoted Mr. Mazurek without posting the position and without interviewing Mr. Mazurek or Hojnowski. Upon information and belief, the Bills failed to promote Hojnowski, and instead promoted Mr. Mazurek, on the basis of his age.

19.     After Mr. Mazurek was first promoted, Jim Overdorf gave him the responsibility of ordering all of the Reebok products for the Bills.  At or about that time, Mr. Overdorf told Hojnowski that a "fresh, young look was needed" for the team, or words to that exact effect.

20.     After he was promoted, Mr. Mazurek was supposed to alternate taking Hojnowski and Mr. Haws to equipment shows and meetings.  He always took Mr. Haws and excluded Hojnowski.

21.     In 2011, when the coaching staff for the Bills coached the Senior Bowl, Mr. Mazurek directed Hojnowski to stay back at the Bills' Orchard Park facility instead of joining him and the rest of the equipment staff on the trip.

22.     During Hojnowski's end of the year (2011) evaluation in early 2012, Buddy Nix, the Bills' Executive Vice President and General Manager, directly asked Hojnowski how old he was and how long he planned on working for the Bills.  Hojnowski found the inquiry offensive and felt he was being targeted (and treated differently and less favorably) because of his age.

23.     On game days in 2011, Mr. Mazurek directed Hojnowski to stay inside, telling him he was going to be the "old inside guy," or words to that exact effect, instead of being out on the field with the team where he had always been.  The job of staying inside during game days had previously been done by a part-time game day volunteer.

24.     At practice one day, Hojnowski was knocked down hard by a player and was injured at practice while spotting the ball.  Spotting the ball during practice was something he had routinely done.  Hojnowski missed a day or two of practice to recover and returned to work without incident.  Upon his return, Hojnowski was told he would no longer be spotting the ball, and that "it was a Young Guns job." Upon information and belief, this and other responsibilities were taken away from Hojnowski because of his age.

25.     Towards the end of Hojnowski's employment with the Bills, Scott Moore, a young, recent college graduate who had worked at the Bills' training camp over the past few

summers, started coming to the Bills' facility in Orchard Park on a daily basis. Mr. Mazurek

began to give Mr. Moore increased responsibilities. Upon information and belief, Mr. Mazurek

favored Mr. Haws and Mr. Moore, and gave each increased duties and responsibilities, because of

their age.

26.     Hojnowski's status as an older employee was also held against him as he was only

approximately fifteen (15) months away from qualifying for the Bills' post-retirement medical

insurance benefit coverage; this too was a factor that led to Hojnowski's firing. Hojnowski's wife

inquired about the qualifications for the benefit and he was fired within a week or so thereafter.

27.     On September 5, 2012, without warning, Hojnowski was called in to the office of

the Bills' General Manager, Buddy Nix.  He told him that things "weren't working out" and he

abruptly terminated Hojnowski after 37 years of competent, loyal service.


### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE AGE DISCRIMINATION IN
### EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through "27" of this Complaint with the same force and effect as if set forth herein.

29.     Plaintiff is a member of the protected class under the ADEA as, at the time of the

incidents complained of herein, he was over the age of forty (40).

30.     Defendant has discriminated against Plaintiff in the terms and conditions of his

employment on the basis of his age in violation of the ADEA. Defendant's discriminatory acts

include, but are not limited to:

        a.     promoting Mazurek to the position of Co-Equipment Manager in or around
            2008, when he lacked the qualifications and experience of Hojnowski;

b.      routinely referring to Hojnowski as "old balls," "old guy," or "old guy crew," while referring to younger employees as "young guns";

c.      purchasing an inferior cellular phone for Hojnowski as compared to Mazurek and inferring that Hojnowski wouldn't know how to use a smart phone because of his age;

d.      promoting the younger Mazurek to the position of Director of Equipment Operations over Hojnowski without conducting interviews or posting the position and despite Hojnowski's having more experience in managing equipment and a longer tenure with the Bills;

e.      Decreasing Hojnowski's job responsibilities and assigning them to younger employees;

f.      denying Hojnowski the benefits and privileges associated with his employment, including travel;

g.      confronting Hojnowski regarding his age and intentions regarding retirement;

h.      terminating Hojnowski immediately before his qualification for post-retirement medical insurance benefit coverage;

i.      terminating Hojnowski on September 5, 2012.

31.    As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered, and will continue to suffer, economic loss; has incurred the costs of bringing this action; has suffered injury to his health, emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation, humiliation and medical expenses.  Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF THE
## HUMAN RIGHTS LAW, § 296 *et seq.*

32.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

and subparagraphs "1" through "31" of this Complaint with the same force and effect as if set

forth herein.

33.     Plaintiff is a member of the protected class under the New York State Human

Rights Law.

34.     Defendant has discriminated against Plaintiff in the terms and conditions of his

employment on the basis of his age in violation of the New York State Human Rights Law.

Defendant's discriminatory acts include, but are not limited to:

     a.     promoting Mazurek to the position of Co-Equipment Manager in or around 2008, when he lacked the qualifications and experience of Hojnowski;

     b.     routinely referring to Hojnowski as "old balls," "old guy," or "old guy crew," while referring to younger employees as "young guns";

     c.     purchasing an inferior cellular phone for Hojnowski as compared to Mazurek and inferring that Hojnowski wouldn't know how to use a smart phone because of his age;

     d.     promoting the younger Mazurek to the position of Director of Equipment Operations over Hojnowski without conducting interviews or posting the position and despite Hojnowski's having more experience in managing equipment and a longer tenure with the Bills;

     e.     Decreasing Hojnowski's job responsibilities and assigning them to younger employees;

     f.     denying Hojnowski the benefits and privileges associated with his employment, including travel;

     g.     confronting Hojnowski regarding his age and intentions regarding retirement;

h.      terminating Hojnowski immediately before his qualification for post-
retirement medical insurance benefit coverage;

i.      terminating Hojnowski on September 5, 2012.

35.     As a direct and proximate consequence of Defendant's unlawful and

discriminatory employment policies and practices, Plaintiff has suffered, and will continue to

suffer, economic loss; has incurred the costs of bringing this action; has suffered  injury to his

health, emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation,

humiliation and medical expenses.  Plaintiff will continue to suffer these irreparable injuries and

monetary damages as a result of Defendant's discriminatory practices unless and until this Court

grants relief.


**AS AND FOR A THIRD CAUSE OF ACTION**
**INTERFERENCE WITH PROTECTED RIGHTS**
**IN VIOLATION OF ERISA, § 510**

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

and subparagraphs "1" through "35" of this Complaint with the same force and effect as if set

forth herein.

37.     Defendant terminated Hojnowski on September 5, 2012 for the purpose of

interfering with his attainment of service credit and corresponding retiree benefits to which he

would have become entitled under the terms of the NFL Clubs' Group Medical Plan in retaliation

for his intent to exercise those rights in violation of ERISA.

38.     When Defendant terminated Hojnowski, he was only approximately fifteen (15) months away from qualifying for the NFL Clubs' Group Medical Plan retirement benefit, which would have provided Hojnowski with a post-retirement health insurance benefit.

39.     Had Hojnowski reached the age requirement, Defendant would have been responsible for additional financial expense toward Hojnowski's retiree medical coverage.

40.     Hojnowski's wife inquired of Defendant about his qualifications for the benefit and he was fired within a week or so thereafter on September 5, 2012.

41.     As a direct and proximate consequence of Defendant's unlawful policies and practices, Plaintiff has been damaged in an amount equivalent to the cost of medical health insurance benefits comparable to those for which he would have been entitled to through the NFL Clubs' Group Medical Plan retirement benefit had he accrued the additional time.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.      Declare the acts and practices complained of to be in violation of the ADEA, 29 U.S.C. §§ 621-634 and New York State Human Rights Law § 296 *et seq.*;

B.      Grant a permanent injunction enjoining Defendant, its officers, management personnel, employees, agents, and all persons in active concert and participation with them from engaging in any discriminatory employment practice;

C.      Order Defendant to institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals which eradicate the effects of past and present unlawful employment practices;

D.      Order Defendant to make whole Hojnowski by providing him with reimbursement for all medical expenses incurred by him as a result of Defendant's actions, together with pre-judgment interest, in an amount to

be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.  Order Defendant to make whole Hojnowski by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish, in amounts to be proven at trial;

F.  Award Hojnowski all employment rights, privileges, benefits, promotions, and income that he would have had but for Defendant's unlawful discriminatory and retaliatory practices;

G.  Award Hojnowski punitive/liquidated damages in an amount to be determined at trial under the appropriate causes of action;

H.  Award Hojnowski the retiree medical benefits to which he would have been entitled had he not been terminated or alternatively, an award of restitution equivalent to the amount that contemplates the loss of benefits and/or Hojnowski's own cost of benefits

I.  Award Hojnowski the recovery of costs and counsel fees as provided by statute; and

J.  Award Hojnowski any other such further relief as the Court deems necessary and proper.


Dated: Hamburg, New York
      April 18, 2013

**CHIACCHIA & FLEMING, LLP**

/s/ Andrew P. Fleming
_____
Andrew P. Fleming, Esq.
*Attorneys for Plaintiff*
5113 South Park Avenue
Hamburg, New York 14075
Telephone:  (716) 648-3030